UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT E. JOHNSON,

    Plaintiff,

    v.

HAROLD CLARKE *et al*.,

    Defendants.

Case No. C05-5401FDB

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff is not proceeding *in forma pauperis* and paid the full filing fee. (Dkt. # 1, receipt # 513451). The parties are embroiled in a discovery dispute. This is not the first such dispute in this action. Plaintiff seeks to compel further answers to interrogatories and seeks to compel production of documents. (Dkt. # 23). Defendants have responded. (Dkt. # 25). Plaintiff asks the defendants response be struck from the record. (Dkt. # 26). Defendants have responded to the motion to strike. (Dkt. # 27). The motion to strike documents is **DENIED.** Defendants are entitled to be heard on a motion to compel.

Plaintiff alleges that he was approved to participate in the Extended Family Visit program at the Washington State Penitentiary. (Dkt. # 23, page 2). He alleges that on October 1st, 2004 the program at the Penitentiary was closed because of construction. Plaintiff was transferred to Mc Neil Island. (Dkt. # 23). Plaintiff alleges this transfer was so he could continue participating in the

ORDER 1

Extended Family Visit Program. Plaintiff continued in the program until March, 4th, 2005. On March 4th, 2005 he was informed the superintendent of the facility, Alice Payne, disapproved his further participation because plaintiff has "no positive prognosis of release." Plaintiff indicates this meant he would not out live his sentence. (Dkt. # 23).

Plaintiff appealed his removal from the program to the Deputy Secretary of the Department of Corrections, Eldon Vail. Mr. Vail assigned Kevin Bovenkamp, Acting Regional Administrator, to investigate the appeal and respond. (Dkt. # 23). Plaintiff alleges his removal from the program and denial of his appeal violates his equal protection rights and is racially discriminatory. (Dkt. # 23). He alleges other inmates with longer sentences than his and inmates serving life without possibility of parole are allowed to participate in the program.

The plaintiff has engaged in extensive discovery to obtain evidence to support his claims. At one point in time he attempted to depose Mr. Vail and the Secretary of the Department of Corrections, Harold Clarke. Defendants moved to quash the subpoenas. The court quashed the subpoenas and directed plaintiff to seek other means of obtaining discovery. (Dkt. # 24). Plaintiff has complied with the courts order and served interrogatories and request for production of documents on defendants.

At issue are the answers to nine interrogatories and four requests for production. Much of the courts analysis on the first interrogatory will be germane to all the discovery requests.

Interrogatory number one asks:

1. In the Department of Corrections pursuant to DOC policy 590.100, how many African-American inmates participated in the Extended Family Visit program from January 2001 to January 2006, Please specify numbers of black inmates of each institution under DOC.

Defendant Vail's response to the question was:

OBJECTIONS: This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence and is irrelevant to the time frame in Plaintiff's complaint. Additionally, this interrogatory is unduly burdensome and compound.

(Dkt. # 23, Attached answer to second set of interrogatories for Eldon Vail).

This action involves and equal protection claim and an allegation of racial discrimination. To

ORDER 2

prove his case and to survive summary judgment plaintiff will necessarily need some statistical information as to how other similarly situated inmates are treated. As racial discrimination is alleged, the race of the inmates participating in the program at Mc Neil Island is relevant. Thus, defendants objection as to relevance is misplaced.

The time frame given by plaintiff goes back over four years from the time he was denied participation in the program. Three years is the statute of limitation in Washington. The request goes forward to the present, the time frame is arguably relevant. However, defendants argument regarding the relevance of any decision prior to 2005 also has some merit. Plaintiff is entitled to attempt to show a pattern or practice of discrimination. The court will limit the time frame to three years prior to denial of plaintiff's request to the present. To avoid any confusion the relevant time frame is from March 2002 to the present.

Plaintiff's request for information from any facility other than Mc Neil Island is not relevant to his claim. Plaintiff's denial of participation in the program came from the Superintendent of Mc Neil Island, Alice Payne. (Dkt. # 23). He is not entitled to data from other institutions.

To the extent data from other institutions might show bias on the part of those superintendents the evidence is irrelevant. It is irrelevant because plaintiff was not denied EFV's at another facilities and he lacks standing to litigate the issue on behalf of other inmates. To the extent plaintiff might seek to use the discovery of data from other institutions to bolster his argument that Mc Neil Island personnel discriminated against him the court must consider defendants objection based on the discovery being unduly burdensome and overly broad.

Defendants responded to the interrogatories as a group and argue that to obtain the statistical information plaintiff seeks each facility would need to be contacted. (Dkt. # 25) Defendants aver statistics of this nature do not now exist. There are twelve facilities with EFV programs. Defendants aver that at each of the twelve facilities every EFV application would have to be examined. (Dkt. # 25) They further argue the EFV applications do not contain information regarding race or release date of the inmate. (Dkt. # 25, page 4). This means that for each application research to determine the inmates race and release date would need to be done.

ORDER 3

Obviously the requested information has gone beyond an interrogatory seeking information a defendant may know or easily obtain and had turned into a request that the Department of Corrections undertake a sizable research project.

The court intends to focus the parties in this case to the relevant discovery at the relevant institution. The request to compel is **GRANTED IN PART.** The request is limited in time to March of 2002 to the present and limited to Mc Neil Island.

Interrogatory numbers 6 , 7, 8, 9, 10, 14, 15, and 19 are also the subject of motions to compel. The Interrogatories ask:

6.  How many African-American inmates in DOC are currently participating in the EFV program.

7.  How many inmates is Department of Corrections release dates excess [sic] 2040 who are currently participating in the EFV program? Please specify the number by race.

8.  How many inmates in Department of Corrections participating in EFV program who are serving "life without the possibility of parole?"

9.  How many inmates in DOC with release dates exceeding 2037 have participated in the EFV program from January 2001 to January 2006?

10. How many inmates in DOC with life without possibility of parole have participated in the EFV program from January 2001 to January 2006?

14. Since your employment at DOC have you been sued for discrimination regarding EFV's? If so, by whom, state the cause numbers, when, and how many times you have been sued?

15. In the Department of Corrections pursuant to DOC policy 590.100, how many European-American inmates participated in the EFV program from January 2001 to January 2006? Please specify the number of White inmates of each institution under DOC.

19. How many European-American inmates in DOC are currently participating in the EFV Program?

Each request to compel except for interrogatory number 14 is **GRANTED IN PART** consistent with the courts ruling above. The response will be limited to Mc Neil Island and to the time frame from March 2002 to the present.

The request to compel interrogatory number 14 is **DENIED.** Information regarding prior law suits that may have been dismissed or compromised short of a determination of guilty is

ORDER 4

irrelevant.

With regard to the requests for production plaintiff seeks:

1. Please produce all documents establishing each African-American inmate approved to participate in EFV program in the Washington Department of Corrections from January 2001 to January 2006.

2. Please produce all documents establishing each European-American inmate approved to participate in EFV program in the Washington Department of Corrections from January 2001 to January 2006.

6. Please produce all establishing all [sic] inmates in Department of Corrections participating in the EFV program with release dates of 2037.

7. Please produce all documents of inmates all inmates incarcerated in the Washington Department of Corrections who are participating in the EFV program with "life without the possibility of parole."

As worded the requests are overly broad and vague. Taken literally request number 7 asks for all documents that relate to an inmate in the EFV program if the inmate is serving life without possibility of parole. This would include conviction data, complete central files, medical information, and vast amounts of other irrelevant information. As worded the requests to compel production of documents are **DENIED.**

The court notes the parties are also arguing about the amount of redaction that has occurred on discovery provided. The court understands the defendants position regarding the sensitive nature of the information plaintiff is asking for, conviction data, release dates, names of loved ones, etc. The redaction of personal information is appropriate, however, there must be some way for plaintiff to identify which documents belong to each applicant or the information is useless. The court expects counsel and the plaintiff to work together to solve this problem.

The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendants. Defendants have 30 days from the date of this order to submit supplemental responses to the interrogatories.

DATED this 30th day of June, 2006.

/S/ J. Kelley Arnold
J. Kelley Arnold
United States Magistrate Judge

ORDER 5