UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT E. JOHNSON,

    Plaintiff,

    v.

HAROLD CLARKE *et al.*,

    Defendants.

Case No. C05-5401FDB

REPORT AND RECOMMENDATION REGARDING INJUNCTIVE RELIEF

**NOTED FOR**:
**DECEMBER 1st, 2006**

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff is not proceeding *in forma pauperis* and paid the full filing fee (Dkt. # 1).

    Before the court is plaintiff's motion for a preliminary injunction. Plaintiff asks the court to order the Washington State Department of Corrections allow he and his wife to have extended family visits (Dkt. # 57).

    The denial of extended family visits is the subject matter of this action. Plaintiff alleges the denial of his application for extended family visits at Mc Neil Island was racially motivated and is a violation of his equal protection rights. Plaintiff supports his motion with a memorandum and his own affidavit (Dkt. # 57, 58, and 59). Plaintiff was denied extended family visitation at Mc Neil Island under a provision of the policy that allowed for denial if a person had no positive prognosis for rehabilitation.

REPORT AND RECOMMENDATION 1

Defendants respond and argue the policy has changed and the reason plaintiff was denied extended family visits, positive prognosis for rehabilitation, is no longer a consideration (Dkt. # 61). They note that plaintiff has not reapplied for extended family visits despite his being aware of the policy change, and ask that he be made to reapply prior to court intervention (Dkt. # 61). Defendants cite to a relevant portion of the Prison Litigation Reform Act that limits prospective relief and states:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. **The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.** The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

(Dkt. # 61, page 2 citing 18 U.S.C. § 3626(a)(1)(A)).

Defendants argue the request for injunctive relief should be denied for a number of reasons. Those reasons are: plaintiff seeks to change the status quo; plaintiff should have to exhaust administrative options prior to seeking relief; plaintiff fails to show injury; and plaintiff is not likely to succeed on the merits (Dkt. # 61, pages 4 to 6).

## DISCUSSION

The basic function of injunctive relief is to preserve the status quo ante litem pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

REPORT AND RECOMMENDATION 2

Under the Prison Litigation Reform Act no action may be brought unless available administrative remedies have been exhausted. Here plaintiff exhausted his administrative remedies prior to bringing this action, but now, an option that did not exist prior to filing this action is available.

Our system of law derives from English law where historically there were several different types of courts. One of the basic maxims in the court of equity is that a person seeking equitable relief must come to the court with "clean hands." This doctrine has been carried over to current day and the 9th Circuit has held that equity requires those seeking its protection act fairly. <u>Ellenburg v. Brockway Inc</u>, 763 F.2d 1091, 1097 (9th Cir 1985). Plaintiff has the ability in this case to reapply for extended family visits prior to seeking equitable relief. This would be the least intrusive means of possibly obtaining the relief he seeks.

The court recommends the motion for injunctive relief be **DENIED WITHOUT PREJUDICE** and plaintiff be instructed to reapply for extended family visits. This holding would further the purpose of the Prison Litigation Reform Act as it would force the parties to exhaust available administrative remedies. Further, the holding leaves open the possibility of later court involvement if that involvement is necessary. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 1st, 2006**, as noted in the caption.

DATED this 16th day of November, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION 3