UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT E. JOHNSON,

   Plaintiff,

   v.

HAROLD CLARKE *et al.*,

   Defendants.

Case No. C05-5401FDB

ORDER DENYING PLAINTIFF'S MOTIONS REGARDING FURTHER DISCOVERY

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff is not proceeding *in forma pauperis* and paid the full filing fee. (Dkt. # 1, receipt # 513451). Mr. Johnson has filed a letter in which he asks the court to do three things (Dkt. # 63). First, Mr. Johnson asks the court to order the Department of Corrections release his mandatory savings to him so he can spend it on a public disclosure request (Dkt. # 63). Second, Mr. Johnson asks the court to order the Department of Corrections supply him with the names of inmates identified in discovery. The names were redacted. The information was provided to Mr. Johnson for statistical purposes only. Mr. Johnson makes no showing any of the inmates identified has any information specific to Mr. Johnson's request for extended family visits (Dkt. # 63). In the alternative, the third thing Mr. Johnson asks for, is appointment of counsel (Dkt. # 63).

Defendants oppose Mr. Johnson's motion. Defendants note discovery ended in this case in

ORDER 1

August of 2006.  An exception to the discovery cutoff is the court's order that defendants supply Mr. Johnson with certain statistical data which is currently being complied (Dkt. # 65).  Contrary to Mr. Johnson's assertions the defendants may not conduct discovery and discovery ended August 18th, 2006 (Dkt. # 24).

The court has entered no less than six orders regarding discovery in this case (Dkt. # 24, 30, 37, 43, 47, 60).  The court has tried to balance Mr. Johnson's legitimate need for statistical data to prove discrimination, against the cost providing the discovery entails.  Defendants are correct in noting that discovery in this action ended August 18, 2006 (Dkt. # 24).  Defendants also argue the release of the names of inmates who have been denied extended family visits raises security concerns.  The court notes the information was provided to plaintiff for statistical purposes and not so he could contact every person who has been denied extended family visits.

The discovery deadline in this action was nearly four months ago. Plaintiff has not shown cause why the court should revisit the prior rulings in this case.  The motions are **DENIED.**

The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendants.

DATED this 6 day of December, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER 2