1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT E. JOHNSON,

        Plaintiff,

    v.

HAROLD CLARKE *et al.*,

        Defendants.

Case No. C05-5401FDB

REPORT AND RECOMMENDATION

**NOTED FOR**:
**May 25, 2007**

      This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff is not proceeding *in forma pauperis* and paid the full filing fee (Dkt. # 1).

      Before the court is defendant's motion for summary judgment (Dkt. # 72).  Plaintiff has responded (Dkt # 76).  Defendants have replied (Dkt # 79).  This matter is ripe for review.

      As a preliminary matter, both parties include motions in their responsive pleadings. Plaintiff asks the court grant him summary judgment in his response to defendants motion in at least two places (Dkt # 76).  Defendants move to strike plaintiff's response or, in the alternative, ask to have

REPORT AND RECOMMENDATION 1

1  the over length pages not be considered (Dkt. # 79).

2      Plaintiff's requests for summary judgment do not give adequate notice to defendants so as to

3  alert them that plaintiff is bringing a cross motion for summary judgment.  Further, plaintiff does not

4  show summary judgment in his favor is warranted.  His requests should not be considered by the

5  court.

6      Defendants request to strike the response, or not have the court consider over length pages,

7  is warranted.  Local Rule 7 limits plaintiff to a 24-page response.  The response is 36-pages long.

8  However, given plaintiff's *pro se* status, and the complexity of the issues involved, the court

9  recommends the motion be DENIED.

10      **Plaintiff is warned that any further over length filing may result in the document being**

11  **struck from the record or other sanctions being imposed**.

12                                      <u>FACTS</u>

13      The denial of extended family visits is the subject matter of this action.  Plaintiff alleges the

14  denial of his application for extended family visits with his wife at Mc Neil Island was racially

15  motivated.  Plaintiff supports his motion with a memorandum and his own affidavit (Dkt. # 57, 58,

16  and 59).  Plaintiff was denied extended family visitations at Mc Neil Island under a provision of the

17  policy that allowed for denial if a person had no positive prognosis for rehabilitation.  Department of

18  Corrections Policy 590.100 section V paragraph 9.  Plaintiff is serving a lengthy sentence and will

19  not be released from prison until he is 115 years old at the earliest (Dkt. # 72, page3).

20      It is uncontested that in 2005, plaintiff was transferred from the Washington State

21  Penitentiary, where he had extended family visits with his wife, to Mc Neil Island.  Plaintiff reapplied

22  for extended Family Visits with his wife.  His application was denied by Associate Superintendent

23  Dennis Cole who was acting Superintendent that day.  The reason given for denial was no positive

24  prognosis for release (Dkt. # 1, Exhibit 1).

25      In June of 2006 the policy was changed and the condition of a positive prognosis for release

26  is no longer part of the criteria for obtaining or denying Extended Family Visits.  Plaintiff has not

27  reapplied (Dkt. # 72, page 4).

28  REPORT AND RECOMMENDATION 2

1   In opposition to the motion for summary judgment, plaintiff provides a number of affidavits

2   from other African American inmates who have been denied Extended Family Visits.  In each

3   instance the other inmate was denied the visits for a reason that is valid on its face.  At least three of

4   the other inmates have domestic violence issues.  These inmates have been either arrested or charged

5   with domestic violence (Dkt. # 76, pages 8 and 9, exhibits ).  All of plaintiff's affidavits contain a

6   substantial amount of hearsay regarding what these inmates have allegedly been told (Dkt. # 77,

7   attachment F).  The affidavits also provide a substantial amount of opinion testimony without

8   evidentiary support (Dkt. # 77, attachment F).

9   Plaintiff provides four specific instances of caucasian inmates receiving extended family visits.

10  Plaintiff claims these four inmates are similarly situated to him (Dkt. # 77, exhibit 4).  These inmates

11  will be 73, 77, 81, and 113 if released on their earned early release dates (Dkt. # 79, page 5).

12  The court does not consider an inmate who will be released in his 70's or early 80's similarly

13  situated to Mr. Johnson.  The court will consider the inmate (Korum) who was scheduled for release

14  when he is 113 similarly situated.

15  Mr. Korum, like Mr. Johnson, was denied extended family visits with his wife. This inmate

16  was, however, granted extended family visits with his parents.  Mr. Korum's sentence was not final

17  and was on direct appeal (Dkt. # 79, page 5).  Mr. Korum's sentence was reversed on appeal and he

18  now has an earned early release date of 2011 which will make him 33 years old when released (Dkt.

19  # 79).  Defendants argue an inmate who does not have a final mandate from the court of appeals and

20  whose sentence and conviction are under review is not similarly situated to a person whose sentence

21  and conviction are final (Dkt. # 79).

22  Plaintiff alleges he has evidence of six caucasian inmates who are serving life without the

23  possibility of parole who were granted extended family visits.  Review of the documentation

24  provided by plaintiff does not support his contentions (Dkt. # 77, Declaration of Johnson attachment

25  H).

26  Plaintiff includes a cause of action for intentional infliction of emotional distress in his

27  complaint (Dkt. # 1).  Defendants addressed that issue in the motion for summary judgment (Dkt. #

28  REPORT AND RECOMMENDATION 3

72, pages 14 to 16).  Plaintiff has responded and has abandoned his state claim (Dkt. # 76, page 34 and 35).

In the plaintiff's responsive pleadings he and other inmates provide declarations and affidavits which raise a new issue.  Plaintiff now alleges black women are denied extended family visits if they are married to black inmates (Dkt. # 76, 77).  Plaintiff provides no evidence for his contention other than opinion testimony.  Further, this issue was not part of the original complaint, (Dkt. # 1), and will not be considered.

Defendants move for summary judgment and argue:

1.  Plaintiff has failed to state a claim under the United States Constitution [because there is no right to extended family visits under the Constitution].

2.  Denial of Mr. Johnson's participation does not violate the Equal Protection Clause.

3.  Defendants enjoy qualified immunity.

4.  Injunctive relief should be denied as plaintiff has administrative remedies available.

5.  Lack of personal participation for defendants Clarke, Vail, and Payne.

6.  Dismissal of State law claims.

(Dkt. # 72, page 2).

### STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt.").  See also Fed. R. Civ. P. 56 (e).  Conversely, a genuine dispute

REPORT AND RECOMMENDATION 4

1  over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring

2  a judge or jury to resolve the differing versions of the truth.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S.

3  242, 253 (1986); <u>T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association</u>, 809 F.2d 626,

4  630 (9th Cir. 1987).

5       The court must consider the substantive evidentiary burden that the nonmoving party must meet

6  at trial, e.g. the preponderance of the evidence in most civil cases.  <u>Anderson</u>, 477 U.S. at 254; <u>T.W.</u>

7  <u>Elec. Service Inc.</u>, 809 F.2d at 630.  The court must resolve any factual dispute or controversy in favor of

8  the nonmoving party only when the facts specifically attested by the party contradicts facts specifically

9  attested by the moving party.  <u>Id</u>.

10       The nonmoving party may not merely state that it will discredit the moving party's evidence at

11  trial, in hopes that evidence can be developed at trial to support the claim.  <u>T.W. Elec. Service Inc.</u>, 809

12  F.2d at 630 (relying on <u>Anderson</u>, *supra*).  Conclusory, nonspecific statements in affidavits are not

13  sufficient, and "missing facts" will not be "presumed."   <u>Lujan v. National Wildlife Federation</u>, 497 U.S.

14  871, 888-89 (1990).

15  <u>DISCUSSION</u>

16       A.    <u>Injunctive Relief</u>.

17       The court chooses to address the injunctive relief claim first.  The basic function of injunctive

18  relief is to preserve the <u>status</u> <u>quo</u> <u>ante</u> <u>litem</u> pending a determination of the action on the merits.

19  <u>Los Angeles Memorial Coliseum Com'n v. National Football League</u>, 634 F.2d 1197, 1200 (9th Cir.

20  1980).  A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the

21  "alternative." <u>Cassim v. Bowen</u>, 824 F.2d 791, 795 (9th Cir. 1987).

22       Under the traditional standard, a court may issue preliminary relief if it finds that (1) the
   moving party will suffer irreparable injury if the relief is denied; (2) the moving party will

23  probably prevail on the merits; (3) the balance of potential harm favors the moving party; and
   (4) the public interest favors granting relief. . . . Under the alternative standard, the moving

24  party may meet its burden by demonstrating either (1) a combination of probable success and
   the possibility of irreparable injury or (2) that serious questions are raised and the balance of

25  hardships tips sharply in its favor.

26  <u>Id</u>. (citations omitted).

27       Under the Prison Litigation Reform Act no action may be brought unless available

28  REPORT AND RECOMMENDATION 5

1  administrative remedies have been exhausted.  Here plaintiff exhausted his administrative remedies

2  prior to bringing this action, but, another option is now available.

3        In June of 2006 the policy regarding Extended Family Visits was changed and a positive

4  prognosis for release is no longer a factor that can exclude an offender. Thus, the plaintiff may re-

5  apply for extended family visits. Plaintiff now has a remedy available to him.  Historically, a person

6  could not obtain an injunction if they had an adequate remedy at law.  <u>Midwest Growers Co-Op.</u>

7  <u>Corp. V Kirkemo</u>, 533 F2d, 455, 465- 466, (9th Cir. 1976); <u>Citing Rondeau v. Mosinee Paper Corp.</u>,

8  422 U.S. 49, 57 (1975).  This concept of having no adequate remedy at law is part of the irreparable

9  injury factor the court must consider.

10        Plaintiff has a remedy available that he has not attempted to use.  He has failed to show this

11  remedy is not adequate.  Thus, he cannot show irreparable injury.  The court recommends

12  Defendant's Motion for Summary Judgment be **GRANTED** on the issue of injunctive relief.

13        B.    <u>Failure to State a Claim</u>.

14        Defendants argue this action should be dismissed because there is no right under the United

15  States Constitution to extended family visits (Dkt. # 72, pages 5 and 6).  The defendants are correct

16  in noting that an inmate has no constitutional right to contact visits at all.  <u>Bock v. Rutherford</u>, 468

17  U.S. 576, 586 (1984).  However, the issue in this case is equal protection.  Plaintiff has a

18  Constitutional right not to be discriminated against based on his race.

19        C.    <u>Personal Participation</u>.

20        A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory

21  responsibility or position.  <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694

22  n.58 (1978).  A theory of *respondeat superior* is not sufficient to state a claim under Section 1983.

23  <u>Padway v. Palches</u>, 665 F.2d 965 (9th Cir. 1982).  Personal participation is connected to causation.

24  The inquiry into causation must be individualized and focus on the duties and responsibilities of each

25  individual defendant whose acts and omissions are alleged to have caused a constitutional violation.

26  <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988).

27        Defendant's argue Harold Clarke, Eldon Vail, and Alice Payne should be dismissed from this

28  REPORT AND RECOMMENDATION 6

1   action for lack of personal participation (Dkt. # 72, pages 13 and 14).  Plaintiff must allege facts

2   showing how individually named defendants caused or personally participated in causing the harm

3   alleged in the complaint.  Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).   A § 1983 suit

4   cannot be based on vicarious liability alone, but must allege the defendants' own conduct violated the

5   plaintiff's civil rights.  City of Canton v. Harris, 489 U.S. 378, 385-90 (1989).

6        1.   Harold Clarke.

7        Harold Clarke is the Secretary of the Washington State Department of Corrections.  There is

8   no allegation that Mr. Clarke played any role in denying plaintiff extended family visits (Dkt. # 1).

9   Instead, Mr. Clarke is named because in June of 2006 he changed the policy and the section of the

10  policy used to exclude plaintiff from participation was removed (Dkt # 76, page 32).  Plaintiff argues

11  the section of the policy was removed "as a cover-up" (Dkt. # 76, page 32).  Plaintiff fails to show

12  how defendant Clarke's action violated any right or duty owed to him and this defendant is entitled

13  to summary judgment for lack of personal participation.

14       2.   Eldon Vail.

15       Eldon Vail was the Deputy Secretary of the Washington State Department of Corrections.

16  Plaintiff appealed the denial of extended family visits to Mr. Vail.  The uncontested record shows

17  that Mr. Vail did not personally handle this appeal.  The parties agree the appeal was handled by Mr.

18  Kevin Bovenkamp.  (Dkt. # 76, page 34, Dkt. # 72, page 3).  A § 1983 suit cannot be based on

19  vicarious liability alone, but must allege the defendants' own conduct violated the plaintiff's civil

20  rights.  City of Canton v. Harris, 489 U.S. 378, 385-90 (1989).  This defendant is entitled to

21  summary judgment for lack of personal participation.

22       3.   Alice Payne.

23       Alice Payne is the former Superintendent of the McNeil Island Corrections Center.  The

24  undisputed facts show that acting Superintendent Dennis Cole denied plaintiff's application (Dkt. # 1

25  exhibit 1).  Ms. Payne, however, admits in her interrogatories that she supported the decision (Dkt. #

26  77, attachment I, page 2).

27       A person deprives another "of a constitutional right, within the meaning of

28  REPORT AND RECOMMENDATION 7

section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978) ( *Johnson* ) (emphasis added). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *See Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77, 96 S.Ct. 598, 603-04, 606-07, 46 L.Ed.2d 561 (1976) ( *Rizzo* ); *Berg*, 794 F.2d at 460; *Williams v. Bennett*, 689 F.2d 1370, 1381 (11th Cir.1982) ( *Williams* ), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983).

Leer v. Murphy, 844 F.2d, 628, 633 (9th Cir. 1988). Ms. Payne's supporting the decision made by

Dennis Cole is not enough, without more, to subject her to liability.  This defendant is entitled to

summary judgment for lack of personal participation.

      D.    Equal Protection.

Defendants argue:

An Equal Protection claim under the Civil Rights Act, 42 U.S.C. § 1983, requires, as a necessary element, that defendants acted with the intent to discriminate. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). To sustain an Equal Protection claim under 42 U.S.C. § 1983, "one must show intentional or purposeful discrimination." Grader v. Lynnwood, 53 Wash. App. 431, 437, 767 P.2d 952 (1989) (emphasis added), review denied, 113 Wash.2d 1001, cert. denied, 493 U.S. 894; Draper v. Rhay, 315 F.2d 193, 198 (9th Cir. 1963) (inmate failed to show § 1983 violation in absence of "intentional or purposeful discrimination"), cert. denied, 375 U.S. 915. This "discriminatory purpose" must be clearly shown since a purpose cannot be presumed." Grader, 53 Wn. App. at 437 (emphasis added). The Equal Protection Clause does not require conditions, practices, and rules at county and state correctional facilities to be identical. Cooper v. Elrod, 622 F. Supp. 373 (N.D. Ill. 1985). The United States Supreme Court has observed that "showing that different persons are treated differently is not enough without more, to show a denial of Equal Protection." Griffin v. County Sch. Bd. of Prince Edward County, 377 U.S. 218, 230 (1964). Moreover, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

In addition, plaintiff must demonstrate that he was "treated differently . . . because [he] belonged to a protected class." Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995) (citing Divers v. Department of Corr., 921 F.2d 191, 193 [8th Cir. 1990]). Prisoners are not a suspect class. Moss v. Clark, 886 F.2d 686 (4th Cir. 1989); see Thornton v. Hunt, 852 F.2d 526, 527 (11th Cir. 1988); Pryor v. Brennan, 914 F.2d 921 (7th Cir. 1990).

(Dkt. # 72, pages 6 and 7).

With the exception of the Turner v. Safley analysis this court agrees with defendant's

statement of the law.  As plaintiff notes, the application of Turner to racial discrimination claims has

REPORT AND RECOMMENDATION 8

1   been rejected by the Supreme Court.  Johnson v. California, 543 U. S. 499 (2005).

2       The plaintiff argues the court in this case must consider the circumstantial and direct evidence

3   to determine if plaintiff has come forward with enough evidence to support his claim and defeat

4   defendant's motion for summary judgment.  (Dkt. # 76 page 13).

5       Plaintiff places before the court four instances where caucasian inmates were granted

6   extended family visits (Dkt. # 77, declaration of Johnson attachment G). Plaintiff claims that because

7   of their sentences these four inmates had no positive prognosis for release. Three of the inmates will

8   be released when they are more than 30 years younger than plaintiff.  These inmates are Robtoy,

9   Walls, and Armijo.  (Dkt. # 77, declaration of Johnson, Attachment G).  According to defendants

10  they will be 77, 73, and 81 on their release dates (Dkt. # 79, page 5).

11      The court does not find these three persons to be similarly situated to the plaintiff.  This

12  leaves only one example of a person who plaintiff alleges was similarly situated.  There are a number

13  of distinctions between Mr. Johnson and this other person, Mr. Korum.  The court first notes that

14  neither inmate was approved for extended family visitations with their wife (Dkt. # 79, page 5).  Mr.

15  Korum received visits with his mother and father.  Further, Mr. Korum's case was still on direct

16  appeal and unlike Mr. Johnson he had not completed his direct appeal process and received a final

17  mandate.  Indeed, on direct appeal his sentence was reversed and he will be 33 years old when

18  released (Dkt. # 79, page 5).  Thus, Mr. Johnson has not shown any person similarly situated to him

19  was granted extended family visitations with their wife.

20      Plaintiff argues without proof that no African American inmate with an African American

21  wife is granted extended family visits at Mc Neil Island. Plaintiff's affidavits contain inadmissible

22  hearsay and opinion testimony.  Defendants object and reiterate the evidentiary standard at the

23  summary judgment stage (Dkt. # 79, page 3).  Proof of racially discriminatory intent or purpose is

24  required to uphold a racial discrimination claim, and mere evidence of disparate impact on minorities

25  is insufficient. See Village of Arlington Heights v. Metropolitan Housing Development Corp., 429

26  U.S. 252, 265 (1977); Washington v. Davis, 426 U.S. 229, 239-40 (1976).

27      Plaintiff provides no admissible evidentiary support for his allegations.  Conclusory,

28  REPORT AND RECOMMENDATION 9

1   nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed."

2   Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990). Defendants are entitled to

3   summary judgment.  This action should be **DISMISSED.**

4          Having reached this conclusion defendants argument regarding qualified immunity is not

5   addressed.  A proposed order accompanies this Report and Recommendation.

6          Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

7   the parties shall have ten (10) days from service of this Report to file written objections.  *See also*

8   Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of

9   appeal.  Thomas v Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b),

10  the clerk is directed to set the matter for consideration on **May 25, 2007**, as noted in the caption.

11

12         DATED this 7 day of May, 2007.

13                                          */S/ J. Kelley Arnold*

14                                          J. Kelley Arnold
                                           United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28  REPORT AND RECOMMENDATION 10