UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT EARL JOHNSON,

    Plaintiff,

  v.

HAROLD CLARK, et al.,

    Defendants.

Case No C05-5401 FDB

ORDER DENYING MOTION FOR RELIEF PURSUANT TO RULE 60(b)(6)

This matter comes before the Court on Plaintiff Johnson's motion for relief from judgment pursuant to Rule 60(b)(6). Petitioner asserts there exists newly discovered evidence, fraud upon the court, and spoliation of evidence warranting relief under Rule 60(b)(6) that would permit relief from the summary judgment entered on behalf of Defendants in this civil rights action. Having reviewed the motion, response, and the record herein, the Court denies Plaintiff's motion for relief.

On June 13, 2005, Plaintiff, Mr. Johnson, filed a civil rights complaint under 42 U.S.C. § 1983 based upon his claim that Washington State Department of Corrections (DOC) officials violated his equal protection rights when they denied his extended family visits with his wife

ORDER - 1

because of his race. This Court granted Defendants' motion for summary judgment, finding Mr. Johnson did not assert triable issues regarding (1) whether the Defendants acted with the intention or purpose of discriminating against Mr. Johnson based upon his membership in a protected class, and (2) whether Mr. Johnson was similarly situated to European-American inmates who were allowed to receive extended family visits. The United States Court of Appeals for the Ninth Circuit affirmed the dismissal. Mr. Johnson now seeks relief under Fed. R. Civ. P. 60(b).

Rule 60(b) provides, in part:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b)(6) "has been used sparingly as an equitable remedy to prevent manifest injustice." Lehman v. United States, 154 F.3d 1010, 1017 (9th Cir. 1998). To receive relief under Rule 60(b)(6), the party must show both injury and that circumstances beyond its control prevented timely action to protect its interests. Lehman, at 1017. The injury Mr. Johnson claims to have suffered is that his civil rights complaint was dismissed under summary judgment. Mr. Johnson cites no legal authority in support of his proposition that dismissal of his complaint constitutes injury for the purpose of a Rule 60(b)(6) motion.

Mr. Johnson's allegations of newly discovered evidence, spoliation and fraud are simply premised on his unsupported affidavit containing hearsay statements. Mr. Johnson simply contends that he has learned of additional documentation that he was not provided in discovery, and thus there must be newly discovered evidence, that such evidence was subject to spoliation, and the

ORDER - 2

Assistant Attorney General must have committed a fraud upon the Court.  This allegation of newly discovered evidence provides no basis to revisit the Court's judgment.  Mr. Johnson has failed to cite any new fact or suggest any new evidence which supports his civil rights claim, has failed to identify any document purportedly contained within the referenced potential documents, has failed to explain how such documents may be relevant, and has otherwise provided no additional substance or evidence in support of his civil rights claim or the instant motion.  Mr. Johnson has presented no new evidence to the court in support of his motion for relief from judgment under Rule 60(b)(6).  Therefore, Mr. Johnson's hearsay assertion regarding documents which he alleges exist and which may be responsive to his claim, as well as his general assertions that there was a fraud committed on the court, fail to demonstrate a valid basis for relief from judgment under Fed. R. Civ. P. 60(b).

ACCORDINGLY;

IT IS ORDERED:

Petitioner's Motion for relief from judgment pursuant to Rule 60(b)(6) is **DENIED.**

DATED this 3rd day of November, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3