1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF WASHINGTON
9                              AT TACOMA

10   ROBERT EARL JOHNSON,

11              Plaintiff,                        Case No C05-5401 FDB

12        v.                                      ORDER DENYING MOTION FOR
                                                  RECONSIDERATION OF ORDER
13   HAROLD CLARK, et al.,                        DENYING RELIEF PURSUANT TO
                                                  RULE 60(b)(6)
14              Defendants.

15

16

17        This matter comes before the Court on Plaintiff Johnson's motion to recall the Court's order

18   denying Plaintiff's motion for relief from judgment pursuant to Rule 60(b)(6).  Plaintiff requests

19   that he be provided additional time to reply to the Defendants' response to his Rule 60(b) motion.

20   Having reviewed the motion, response, and the record herein, the Court denies Plaintiff's motion

21   for to recall the order denying Rule 60(b) relief.

22        As noted in the order denying relief, the United States Court of Appeals for the Ninth

23   Circuit affirmed the dismissal of Plaintiff's civil rights action. To receive relief under Rule 60(b)(6),

24   the party must show both injury and that circumstances beyond its control prevented timely action

25

26   ORDER - 1

to protect its interests.  <u>Lehman v. United States</u>, 154 F.3d 1010, 1017 (9th Cir. 1998).  The injury

Mr. Johnson claims to have suffered is that his civil rights complaint was dismissed under summary

judgment.  Mr. Johnson cites no legal authority in support of his proposition that dismissal of his

complaint constitutes injury for the purpose of a Rule 60(b)(6) motion.

Rule 60(b)(6) "has been used sparingly as an equitable remedy to prevent manifest

injustice."  <u>Lehman v. United States</u>, 154 F.3d 1010, 1017 (9th Cir. 1998).  To receive relief under

Rule 60(b)(6), the party must show both injury and that circumstances beyond its control prevented

timely action to protect its interests.  <u>Lehman</u>, at 1017.  It is a well-established principle that relief

such as that requested by Plaintiff requires him to show the existence of "extraordinary

circumstances."  <u>Allmerica Financial Life Insurance & Annuity Co. v. Llewellyn</u>, 139 F.3d 664,

666 (9th Cir. 1998).  The injury Mr. Johnson claims to have suffered is that his civil rights complaint

was dismissed under summary judgment.  Mr. Johnson cites no legal authority in support of his

proposition that dismissal of his complaint constitutes injury for the purpose of a Rule 60(b)(6)

motion, or that extraordinary circumstances exist that would warrant relief.  Thus, providing

Plaintiff with additional time to reply would be futile as no legal basis exist for granting Rule 60(b)

relief.

ACCORDINGLY;

IT IS ORDERED:

Plaintiff's Motion to recall the Court's Order denying Rule 60(b) relief [Dkt. # 108] is

**DENIED.**


DATED this 20th day of November, 2009.

_____

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2